```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


WAYNE L. DAVIS,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No. 4:09-CV-1435-DDN
                                   )
JAY NIXON, et al.,                 )
                                   )
          Defendants.              )
```

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Wayne L. Davis leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, a resident at the Southeast Mental Health Center, brings this action for monetary relief against Governor Jay Nixon, St. Francois County Jail, and Melissa Ring. Plaintiff alleges that he spent 328 days in the St. Francois County Jail, where he was "treated worse than an animal." He states that he was beaten, maced, and starved and that he only had running water in his cell once a week.

Liberally construing this action under 42 U.S.C. § 1983, the complaint is legally frivolous, because plaintiff has failed to assert any allegations against the named defendants. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

Moreover, the St. Francois County Jail is not a suable entity. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D. Va. 1992)(local jails are not "persons" under § 1983); *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of October, 2009.

3